## * * § 362 INFORMATION SHEET * *

Cameron, Wayne and Angela  BK-N-09-52606-gwz
DEBTOR  Case No:  MOTION #
Wells Fargo Bank, N.A.  CHAPTER: 7
MOVANT

**Certification of Attempt to Resolve the Matter Without Court Action:**
*Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(3), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.*
Date: January 2, 2010  Signature: /s/ Sarah V. Carrasco
Attorney for Movant

PROPERTY INVOLVED IN THIS MOTION: 4460 Great Falls Loop, Reno, Nevada 89511

NOTICE SERVED ON: Debtor(s) _X_ ; Debtor's counsel _X_ ; Trustee _X_ ;
DATE OF SERVICE: January 2, 2010

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st $173,774.00 | 1st $173,774.00  Schedule "D" |
| 2nd $517,590.50 | 2nd $498,583.00  Schedule "D" |
| 3rd | 3rd |
| 4th | 4th |
| Other: | Other: |
| Total Encumbrances: $691,364.50 | Total Encumbrances: $672,357.00 |
| APPRAISAL of OPINION as to VALUE: | APPRAISAL of OPINION as to VALUE: |
| Value may between $287,280.00 and $372,780 according the website evaluator Zillow.com, a copy is attached to the Motion as Exhibit "H." | $300,000.00 in Schedule "D," a copy of which is attached to Motion as Exhibit "E." |
| TERMS of MOVANT'S CONTRACT with the DEBTOR(S):: | DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT: |
| Amount of Agreement: modified $498,584.00 | . |
| Interest Rate: Variable | . |
| Duration: Variable | . |
| Payment per Month: Variable | . |
| Date of Default: March 20, 2009 | . |
| Amount in Arrears: $17,681.39 | . |
| Date of Notice of Default: | . |
| SPECIAL CIRCUMSTANCES: | SPECIAL CIRCUMSTANCES: |
| SUBMITTED BY: Sarah V. Carrasco, Esq. | SUBMITTED BY: |
| SIGNATURE: /s/ Sarah V. Carrasco | SIGNATURE: |

MLS-Sec-362-Inf-12-00.wpd (District of Nevada)

SARAH V. CARRASCO, ESQ.
Nevada Bar No. 8017
GAYLE A. KERN, LTD.
5421 Kietzke Lane, Suite 200
Reno, Nevada 89511
Telephone: (775) 324-5930
Facsimile: (775) 324-6173
E-mail: sarahcarrasco@kernltd.com

E-Filed January 2, 2010

Attorneys for Wells Fargo Bank, N.A.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re:

WAYNE M. CAMERON and
ANGELA MEADOW CAMERON,

Debtors.
_____/

Case No. BK-N-09-52606-gwz
Chapter 7

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY** (With a Proposed Order Attached as an Exhibit)

Hearing Date:   February 2, 2010
Hearing Time:   10:00 a.m.
Time Req'd:     5 minutes
Set By:         David

Secured creditor Wells Fargo Bank, N.A. ("WFB"), by and through its counsel, Gayle A. Kern, Ltd., moves this Court for an order relieving it from the automatic stay that is in effect as to Debtors pursuant to 11 U.S.C. §362 and as to WFB on real property known as 4460 Great Falls Loop, Reno, Nevada 89511, and more particularly described as:

> Lot 923 of Galena Terrace Unit 9, according to the map thereof, filed in the Office of the County Recorder of Washoe County, State of Nevada, on July 22, 1999, under File No. 2363906, as Tract Map Number 3733.

and as further identified as Assessor's Parcel No. 144-211-04 ("Collateral"), so that WFB may exercise its rights and remedies and foreclose its security interest on a SmartFit Equity Account (SM) Agreement, Modification to the Agreement and Deed of Trust executed by Debtors.

This Motion is made pursuant to the provisions of 11 U.S.C. §362 (d) and is based upon

the papers and pleadings on file herein, and the points and authorities following.

DATED this 2nd day of January, 2010.

GAYLE A. KERN, LTD.

*/s/ Sarah V. Carrasco*
SARAH V. CARRASCO, ESQ.
Attorneys for Wells Fargo Bank, N.A.

## POINTS AND AUTHORITIES IN SUPPORT OF
## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

I. Facts

In support of its Motion for an order lifting the stay in this case, Wells Fargo Bank, N.A. ("WFB") offers the following facts:

1. WFB is a secured creditor holding a second deed of trust on the Collateral, evidenced by a SmartFit Equity Account (SM) Agreement dated October 21, 2005 executed by Wayne M. Cameron and Angela M. Cameron, Deed of Trust executed by Wayne M. Cameron and Angela M. Cameron and Modification of Deed of Trust also executed by Wayne M. Cameron and Angela M. Cameron, copies of which are attached hereto and made a part hereof as Exhibits "A," "B" and "C," respectively.

2. Debtors filed under Chapter 7 of the Bankruptcy Code on August 3, 2009

3. Debtors identify the Collateral as an asset of their bankruptcy estate, a copy of Schedule "A" is attached hereto and made a part hereof as Exhibit "D."

4. Debtors identify the debt owed WFB in Schedule "D" of their bankruptcy petition, a copy of which is attached hereto and made a part hereof as Exhibit "E."

5. Debtors have a first and second deed of trust which are both secured by the Collateral. *Id.*

6. Debtors identify the Collateral in their Statement of Intention as that which they intend to retain and reaffirm the debt, a copy of which is attached hereto and made a part hereof as Exhibit "F."

7. The holder of the first deed of trust against the Collateral obtained relief from the automatic stay, a copy of the Order Vacating Automatic Stay is attached hereto and made a part hereof as Exhibit "G."

8. Debtors failed to make the monthly payment due on March 20, 2009 and all subsequent monthly payments, the arrears total $17,681.39

9. Debtors are in default under the terms of the Agreement.

10. WFB is entitled to the payoff of its debt in the amount of $517,590.50 as of December 21, 2009, plus interest thereafter at a variable rate on the principal sum of $498,583.07.

11. Debtors identify the value of the Collateral as $300,000.00 in Schedule "D" of their petition. *Id.* Exhibit "E."

12. According to the internet evaluator, Zillow.com, the Collateral may be valued at between $287,280.00 and $372,780.00, a copy of the web page is attached hereto and made a part hereof as Exhibit "H."

13. Pursuant to Local Rule 4001, counsel for WFB sent to Debtors' counsel a request to resolve the delinquency; however WFB's counsel received no response to the request for the relief sought and as such, the instant motion is filed.

14. Pursuant to Local Rule 9021, a proposed Order Granting Motion for Relief From the Automatic Stay is attached hereto and made a part hereof as Exhibit "I."

II. Discussion

The automatic stay of 11 U.S.C. §362(a) arises on the filing of a petition under the Bankruptcy Code, and that stay generally bars various collection efforts against the debtor, his

3

property and the property of his bankruptcy estate. *Nevada National Bank v. Casgill of Nevada, Inc., (In re Casgill of Nevada, Inc.)*, 22 B.R. 65, 66 (Bankr. 9th Cir. 1982). *See also Cathey v. Johns Manville Sales Corp.*, 711 F. 2d 60, 62 (6th Cir. 1983) (the stay of 11 U.S.C. § 362 is automatic and mandatory with the filing of the petition).

Under 11 U.S.C. §362(d), the Court can grant relief from the automatic stay under the following terms:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section if
> >
> > > (A) the debtor does not have an equity in such property; and
> > >
> > > (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362 (d). What constitutes sufficient cause depends on the circumstances of each case. *See H.R. Rep. No. 595, 95th Con.1st Sess.*, 343, reprinted in 1977 U.S. Code Cong. & Ad. News 5787.

In this case, Debtors filed under Chapter 7 of the Bankruptcy Code on August 3, 2009. Debtors identify the Collateral as an asset in Schedule "A." Debtors identify the debt owed WFB in Schedule "D." The Collateral is security for a first and second deed of trust. The holder of the first deed of trust obtained relief of stay by order entered by this Court on September 15, 2009. WFB holds a second deed of trust and is in jeopardy of being wiped out by the default on the superior deed of trust. Debtors failed to make the monthly payment due on March 20, 2009 and all subsequent payments and the arrears total $17,681.39. The payoff on the debt owed WFB is

4

$517,590.50 as of December 21, 2009. Debtors are in breach of the Agreement. Debtors first is approximately $173,774.82 and WFB's debt is $517,590.50. Debtors have no equity in the Collateral. Debtors identify the Collateral's value as $300,000.00 in Schedule "D." According to a website evaluator the Collateral may be valued between 287,280.00 and 372,780.00. Accordingly, the automatic stay is requested to be modified or terminated as to Debtors and the Collateral to permit WFB to take whatever legal action is necessary and allowed under applicable state law.

In addition, WFB asks the Court to waive the requirement imposed by Fed.R.Bankr.Pro. 4001(a)(3), that its order terminating the automatic stay be effective immediately upon entry of the order. Fed.R.Bankr.Pro. 4001(a)(3) can be waived for cause. WFB contends that cause exists as the holder of the first deed of trust has already obtained relief of stay and WFB as holder of a junior lien needs to immediately protect its lien. WFB submits waiver of the 10 day stay afforded under Fed.R.Bankr.Pro would be appropriate in this instance.

WFB incurred attorney's fees in the amount of $350.00 and costs of $150.00 as a result of having to file this motion.

DATED this 2nd day of January, 2010.

GAYLE A. KERN, LTD.

/s/ Sarah V. Carrasco
SARAH V. CARRASCO, ESQ.
Attorneys for Wells Fargo Bank, N.A.

5